# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 N. Spruce Street, Grand Junction, CO 81501 | DATE FILED: May 21, 2014 5:31 PM<br>FILING ID: 542DEC9854D8A<br>CASE NUMBER: 2014CV30407 |
| Plaintiff:               Natosha Davis<br><br>v.<br><br>Defendants:          Kenneth Egolf, an<br>                              individual; R.C. Moore,<br>                              Inc., a corporation | ☐   **COURT USE ONLY**   ☐<br><br>Case No. |
| J. Keith Killian, Esq.                    No. 9042<br>Matthew Parmenter, Esq.              No. 42937<br>KILLIAN DAVIS Richter & Mayle, PC<br>202 North Seventh Street<br>Post Office Box 4859<br>Grand Junction, Colorado 81502<br>Telephone: (970) 241-0707<br>Attys. for Plaintiff: Natosha Davis | Div. |
| **COMPLAINT** | |

Plaintiff, Natosha Davis, through her attorneys of record, KILLIAN DAVIS Richter & Mayle, PC, hereby submits this Complaint and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      On March 26, 2012, and at all other relevant times, Natosha Davis ("Davis") was a resident of Mesa County, Colorado.

2.      On March 26, 2012, and at all other relevant times, Kenneth Egolf ("Egolf") was a resident of Wyoming County, Pennsylvania.

3.      The torts complained of in this complaint were committed in Eagle County, Colorado.

4.      RC Moore, Inc. is a company incorporated in Maine, Pennsylvania and North Carolina with its main office in Scarborough, Maine.

5.      Jurisdiction is proper in Mesa County, Colorado.

6.      Venue in Mesa County is proper, pursuant to C.R.C.P. 98(c)(1), which provides: "*** if the defendant is a non-resident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the Complaint,..."

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates by reference each paragraph of this complaint.

8.      On March 26, 2012, Lucas Davis was driving his 2011 Chevrolet Malibu ("Malibu") with Natosha Davis in the front right passenger seat.

9.      On March 26, 2012, at approximately 2:04 p.m., Lucas Davis was traveling westbound in the left lane on Interstate 70 at mile marker 130.9 in Eagle County, Colorado.

10.     On March 26, 2012, Kenneth Egolf was driving a 2006 Kenworth Semi Tractor ("Semi").

11.     On March 26, 2012, at approximately 2:04 p.m., Egolf was driving the Semi westbound in the right lane on Interstate 70 at mile marker 130.9 in Eagle County, Colorado.

12.     At approximately 2:04 p.m., the Semi was being driven by Egolf when a gust of wind pushed the Semi to the left. Egolf did not control the Semi and the Semi collided with the Malibu which was in the left lane of Interstate 70.

13.     The driver of the Malibu attempted to avoid the collision by moving off the left side of the road.

14.     The Semi slid on its left side or driver's side and the top of the Semi's trailer top collided with the Malibu, pinning the Malibu up against the guard rail.

15.     The Semi sustained severe damage in the collision.

16.     The Semi was towed from the accident scene as a result of the damage.

17.     At the time of the collision, it was daylight.

18.     At the time of the collision, the roads were dry.

19.     At the time of the collision, there were high winds and upon information and belief, there may have been a high wind advisory in effect.

2

20.     The wind speed at 1:50 p.m. in the nearby city of Eagle was 36.8 m.p.h. with gust speeds of 49.5.

21.     The wind speed at 2:50 p.m. in the nearby city of Eagle was 46 m.p.h. with gust speeds of 55.2.

22.     Egolf admits he was driving the Semi at a speed of at least 55 m.p.h.

23.     Egolf was traveling too fast for the conditions.

24.     Egolf did not reduce his speed despite the high winds.

25.     At the time of the collision, Davis was a restrained passenger wearing her shoulder strap and seatbelt.

26.     Davis suffered injuries, damages, and losses in the collision.

## RESPONDEAT SUPERIOR
### C.J.I. – Civ. 8:1 (2013)

27.     Davis incorporates by reference each paragraph of this Complaint.

28.     At all times relevant hereto, Egolf was an employee, agent, or servant of R.C. Moore, Inc.

29.     Egolf was acting within the course and scope of his employment, agency and authority with R.C. Moore, Inc., at all times relevant hereto.

30.     The acts or omissions of Egolf are in law the acts or omissions of R.C. Moore, Inc.

31.     R.C. Moore, Inc. is liable for the negligent acts or omissions of Egolf.

## FIRST CLAIM FOR RELIEF AGAINST EGOLF & R.C. MOORE, INC.
### NEGLIGENCE
### C.J.I.-Civ 9:1 (2013)

32.     Davis incorporates by reference each paragraph of this Complaint.

33.     Davis incurred injuries, damages, and losses as a result of the March 26, 2012, motor vehicle collision caused as a result of Egolf's negligence.

3

34.     Egolf was negligent in the manner and conditions in which he operated the motor vehicle.

35.     Egolf was in the course and scope of his employment or agency with R.C. Moore, Inc. at the time of his negligence.

36.     Under the doctrine of *Respondeat Superior*, R.C. Moore, Inc. is liable for the negligence of Egolf.

37.     Egolf's negligence was the cause of Davis' injuries, damages, and losses.

38.     R.C. Moore, Inc. is liable for the negligence of Egolf and is liable for Davis' injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF AGAINST EGOLF AND R.C. MOORE, INC.
## NEGLIGENCE PER SE – VIOLATION OF A STATUTE
### Driving too Fast for Conditions– Section 42-4-1101, C.R.S.
### CJI-Civ. 9:14 (2013)

39. Plaintiff incorporates by reference all paragraphs in this complaint.

40. Davis incurred injuries, damages and losses as a result of the March 26, 2012, collision.

41. At the time of the collision, section 42-4-1101, C.R.S., was in effect.

42.     Section 42-4-1101(1), C.R.S., states: *"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."*

43.     At the time of the collision, section 42-4-1101(3), C.R.S., stated: *""No driver of a vehicle shall fail to decrease the speed of such vehicle from an otherwise lawful speed to a reasonable and prudent speed when a special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."*

44. Egolf violated section 42-4-1101, C.R.S.

45. Section 42-4-1101, C.R.S., was enacted for the public benefit.

46. Davis is in the class of persons section 42-4-1101, C.R.S., was intended to protect.

47. Davis incurred the type of injuries, damages, and losses section 42-4-1101, C.R.S., was intended to prevent.

4

48. A violation of section 42-4-1101, C.R.S., constitutes "negligence *per se*."

49. Egolf's violation of section 42-4-1101, C.R.S., constitutes negligence *per se*.

50. Egolf was in the course and scope of his employment or agency with RC Moore, Inc. at the time of his negligence per se.

51. Under the doctrine of *Respondeat Superior*, RC Moore, Inc. is liable for the negligence of Egolf.

52. Egolf's negligence was the cause of Davis' injuries, damages, and losses.

53. Egolf is liable for the negligence per se of RC Moore, Inc. and is liable for Davis' injuries, damages, and losses.

## THIRD CLAIM FOR RELIEF AGAINST EGOLF AND R.C. MOORE, INC.
## NEGLIGENCE PER SE – VIOLATION OF A STATUTE
### Careless Driving – Section 42-4-1402, C.R.S. (2010)
### CJI-Civ. 9:14 (2013)

54. Plaintiff incorporates by reference each paragraph of this complaint.

55. Davis incurred injuries, damages and losses as a result of the March 26, 2012, collision.

56. At the time of the collision, section 42-4-1402, C.R.S., was in effect.

57. Section 42-4-1402(1), C.R.S., states, in part: "*A person who drives a motor vehicle, bicycle, electrical assisted bicycle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving.*"

58. At the time of the collision, section 42-4-1402(2), C.R.S., stated: "*Any person who violates any provision of this section commits a class 2 misdemeanor traffic offense but, if the person's actions are the proximate cause of bodily injury or death to another, such person commits a class 1 misdemeanor traffic offense.*"

59. Egolf violated section 42-4-1402, C.R.S.

60. Section 42-4-1402, C.R.S., was enacted for the public benefit.

61. Davis is in the class of persons section 42-4-1402, C.R.S., was intended to protect.

5

62. Davis incurred the type of injuries, damages, and losses section 42-4-1402, C.R.S., was intended to prevent.

63. A violation of section 42-4-1402, C.R.S., constitutes "negligence *per se*."

64. Egolf's violation of section 42-4-1402, C.R.S., constitutes negligence *per se*.

65. Egolf was in the course and scope of his employment or agency with RC Moore, Inc. at the time of his negligence per se.

66. Under the doctrine of *Respondeat Superior*, RC Moore, Inc. is liable for the negligence of Egolf.

67. Egolf's negligence was the cause of Davis' injuries, damages, and losses.

68. Egolf is liable for the negligence per se of RC Moore, Inc. and is liable for Davis' injuries, damages, and losses.

## FOURTH CLAIM FOR RELIEF AGAINST EGOLF AND RC MOORE, INC. NEGLIGENCE PER SE-VIOLATION OF A SAFETY REGULATION FAILURE TO TRAIN - 49 C.F.R. § 383.111 and 49 C.F.R. § 390.3 CJI-Civ. 9:14 (2013)

69.     Plaintiff incorporates by reference each paragraph of this complaint.

70.     Davis incurred injuries, damages, and losses as a result of the March 26, 2012, collision.

71.     At the time of the collision, section 49 C.F.R. § 383.111 and section 49 C.F.R. § 390.3 were in effect and was applicable to all interstate motor carriers in the United States.

72.     Section 49 C.F.R. § 383.111 (a) states: "*All CMV operators must have knowledge of the following 20 general areas. Section 49 C.F.R. § 383.111 (a) (12) states: Extreme driving conditions. The basic information on operating in extreme driving conditions and the hazards encountered in such conditions, including:*
> *(i) Bad weather, e.g., snow, ice, sleet, high wind;*
> *(ii) Hot weather; and*
> *(iii) Mountain driving.*"

73.     Section 49 C.F.R. § 390.3(e)(1) and (2),  states: "*Knowledge of and compliance with the regulations. (1)Every employer shall be knowledgeable of and comply with all regulations contained in this subchapter which are applicable to that motor carrier's operation.*

6

*(2) Every driver and employee shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter."*

74.     Egolf and RC Moore, Inc. violated section 49 C.F.R. § 383.111 (a) and/or section 49 C.F.R. § 390.3(e)(1) and (2).

75.     Section 49 C.F.R. § 383.111 (a) and section 49 C.F.R. §390.3(e)(1) and (2), were enacted for the public benefit.

76.     Davis is in the class of persons section 49 C.F.R. § 383.111 (a) and section 49 C.F.R. § 390.3(e)(1) and (2), were intended to protect.

77.     Davis incurred the type of injuries, damages, and losses section 49 C.F.R. § 383.111 (a) and section 49 C.F.R. § 390.3(e)(1) and (2), were intended to prevent.

78.     A violation of section 49 C.F.R. § 383.111 (a) and section 49 C.F.R. § 390.3(e)(2),  constitutes "negligence *per se*."

79.     Egolf and RC Moore, Inc.'s violation of section 49 C.F.R. § 383.111 (a) and/or section 49 C.F.R. § 390.3(e)(1) and (2), constitutes negligence *per se*.

80.     RC Moore, Inc.'s negligence *per se* was a cause of Davis's injuries, damages, and losses.

### FIFTH CLAIM FOR RELIEF AGAINST RC MOORE, INC. NEGLIGENCE PER SE-VIOLATION OF A SAFETY REGULATION FAILURE TO TRAIN - 49 C.F.R. 390.11 and 49 C.F.R. §325.1 CJI-Civ. 9:14 (2013)

81.     Plaintiff  incorporates by reference each paragraph of this complaint.

82.     Davis incurred injuries, damages, and losses as a result of the March 26, 2012, collision.

83.     At the time of the collision, section 49 C.F.R. § 390.11 was in effect and was applicable to all interstate motor carriers in the United States.

84.     49 C.F.R. § 390.11 states, *"Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition.  If the motor carrier is a driver, the driver shall likewise be bound."*

85.     49 C.F.R. §325.1 (b) states: *"Except as provided in paragraph (c) of this section, the rules in this part apply to motor carriers engaged in interstate commerce. The rules apply at any time or under any condition of highway grade, load, acceleration or deceleration."*

86.     R.C. Moore, Inc. is a motor carrier as the term motor carrier is used in 49 C.F.R. § 390.11.

87.     R.C. Moore, Inc. is a "motor carrier engaged in interstate commerce" as these quoted terms are used in 49 C.F.R. §325.1.

88.     RC Moore, Inc. violated section 49 C.F.R. § 390.11 and 49 C.F.R. §325.1 (b).

89.     Section 49 C.F.R. § 390.11, was enacted for the public benefit.

90.     Davis is in the class of persons section 49 C.F.R. § 390.11, was intended to protect.

91.     Davis incurred the type of injuries, damages, and losses section 49 C.F.R. § 390.11, was intended to prevent.

92.     A violation of section 49 C.F.R. § 390.11, constitutes "negligence *per se*."

93.     RC Moore, Inc.'s violation of section 49 C.F.R. § 390.11, constitutes negligence per se.

94.     RC Moore, Inc.'s negligence *per se* was a cause of Davis's injuries, damages, and losses.

## DAMAGES
## CJI-Civ. 6:1 and 6:1A (2013)

95. Plaintiff incorporates by reference all paragraphs in this complaint.

96. Davis suffered injuries, damages, and losses in the March 26, 2012, collision.

97. Egolf and R.C. Moore, Inc.'s negligence and negligence *per se* caused Davis to incur past and future economic injuries, damages, and losses, which include loss of home services; loss of earnings; impairment of earning capacity; loss of access to employment; reasonable and necessary medical expenses including but not limited to: physician, hospital, physical therapy, prescription, and other expenses.  Davis' economic damages also include property loss.

8

98. Egolf and R.C. Moore, Inc.'s negligence and negligence *per se* caused Davis to incur past and future non-economic injuries, damages and losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

99. Egolf and R.C. Moore, Inc.'s negligence and negligence *per se* caused Davis to suffer permanent physical impairment and/or disfigurement.

WHEREFORE, plaintiff requests:

A.      Judgment be entered against defendants for a monetary sum, in an amount to be proven at trial;

B.      Pre-judgment and post-judgment interest;

C.      Costs of litigation, including expert witness fees; and

D.      Such other and further relief as the court deems just and proper.

DATED this 21st day of May, 2014.

KILLIAN DAVIS
Richter & Mayle, PC

9

*Duly authorized original signature on file
at the offices of* KILLIAN DAVIS Richter &
Mayle, PC *pursuant to C.R.C.P. 121,
section 1-26(9)*


*/s/ J. Keith Killian*
_____

| | |
|---|---|
| J. Keith Killian | No. 9042 |
| Matthew Parmenter | No. 42937 |
| Attorneys for Plaintiff | |

Plaintiff's Address:
11541 Blucher Ave. #150.
Granada Hills, CA 91344

10